UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CLAIBORNE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PLEASANT VALLEY STATE<br>PRISON, et al.,<br><br>　　　　Defendants. | 1:12-cv-01257-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br>(Doc. 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　Dennis Claiborne ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 2, 2012, together with an application to proceed in forma pauperis. (Docs. 1, 2.)

　　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g)

1

and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges in the Complaint that on September 20, 2011 at Pleasant Valley State Prison, he was escorted in waist chains while on crutches following knee surgery and almost fell, exacerbating the pain in his knee. Plaintiff blames his injury on the fact that he was forced to wear waist chains while being escorted, pursuant to a prison policy providing that "inmate[s] may be in restraints [during escort] (depending on custody classification and behavior)." (Complaint at 4.) Plaintiff alleges that he had another knee surgery in June 8, 2012, presently uses crutches to ambulate, and is subject to the same escort policy which caused him to almost fall. Plaintiff requests as relief a court order either (1) terminating federal funds to the CDCR, or (2) changing the escort policies for ADA inmates. Plaintiff argues that under Andrews, he has satisfied the imminent danger prong of § 1915(g) by alleging that prison officials are continuing with a "practice" that has injured him or others similarly situated in the past. (Complaint, Doc. 1 at 10.)

In Andrews, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056, citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. Plaintiff therefore correctly argues that he can satisfy the imminent danger exception by alleging an ongoing threat. Where Plaintiff fails, however, is that he fails to allege facts indicating that the threat he is under is ongoing within the meaning of Andrews, or more than speculative.

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under § 1915(g) are: Claiborne v. Brakegill, et al., 1:06-cv-00681-AWI-DLB-PC (E.D. Cal.) (§ 1983 action dismissed on 04/07/2008 for failure to state a claim); Claiborne v. Stevens, et al., 4:06-cv-02012-CW (PR), (N.D. Cal.) (§ 1983 action dismissed on 09/25/2007 for failure to state a claim); Claiborne v. Randolf, et al., 3:02-03375-WHA (PR), (N.D. Cal.) (§ 1983 action dismissed on 04/21/2003 for failure to state a claim).

2

1       The plaintiff in <u>Andrews</u> alleged facts indicating a particular, present, threat to his life. He
2 alleged that he was at risk of contracting HIV and that he had already contracted hepatitis C, because of
3 his exposure to other prisoners who had those contagious diseases due to prison officials' policy of not
4 screening prisoners for such diseases. In contrast, the threat Plaintiff alleges was speculative at the time
5 he commenced this action, based on his fear that he will, at some time in the future, be subject to the
6 same type of escort that caused him to almost fall, causing him pain. These facts do not support the
7 existence of an imminent danger of serious physical injury. "[T]he availability of the exception turns
8 on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."
9 <u>Andrews</u>, 493 F.3d at 1053. "[A]ssertions of less obviously injurious practices may be rejected as overly
10 speculative or fanciful." <u>Id.</u> at 1057 n. 11. Therefore, Plaintiff fails to allege the imminent danger of
11 serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment
12 of the filing fee.

13       Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the
14 appropriate filing fee in order to proceed with this action. Plaintiff's application to proceed in forma
15 pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the
16 submission of the $350.00 filing fee in full.

17       Based on the foregoing, it is HEREBY ORDERED that:
18     1.    Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis
19        in this action is denied;
20     2.    This action is DISMISSED, without prejudice to refiling with the submission of the
21        $350.00 filing fee in full; and
22     3.    The Clerk is directed to CLOSE this case.
23 IT IS SO ORDERED.

24 Dated:   September 20, 2012                            _____
25                                                 CHIEF UNITED STATES DISTRICT JUDGE